SEP 1 PM 12:44

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONYA SWIFT LEAK, individual )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MASS. HOUSING & DOES 1-100 )<br>INCLUSIVE., REEM PROPERTY, LLC )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

COMES NOW, Plaintiff, Sonya Swift Leak, complaining of the above-named defendants, and in support thereof would show the Court:

### I. INTRODUCTION

1. This case by Plaintiff, once a consumer debtor of MASS. HOUSING, N.A., Ocwen, ET AL brings this action for 1) unjust enrichment; 2) violation of the Fair Credit Extension Uniformity Act ("FCEUA"); 3) violation of the Fair Debt Collection Practices Act ("FDCPA"); 4) Negligent and Intentional Infliction of Emotional Distress; 5) ; 6) Declaratory Judgment; and 8) Equitable and Injunctive relief.

2. Sonya Swift Leak inherited the property at 152 Callender St., Unit 1, Dorchester, Ma. 02124 upon the death of her mother, Priscilla V. Graham

in Sept. 2011. .

## II. PARTIES

3.  Plaintiff is now, and at all times relevant to this action, a resident of the County of Dorchester, State of Massachousetts located within the federal judicial district of this Honorable Court. At all times relevant to this action, Plaintiff owned and has superior claim to the Real Property (the "Home") located at 152 Callender St., Dorchester, Ma. 02124

4.  Defendant Mass. Housing.  .. doing business in the County of Dorchester, State of Massachousetts.   Mass. Housing's address is One Beacon St., Boston, Mass. 02108, Reem Property was the company that wrongfully evicted Sonya Swift Leak in 2019. Sonya's pregnant daughter was living at the property and was not named in the eviction notice.

5.  Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

6.  Plaintiff is informed and believes and thereon alleges that at all times

herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

7. Plaintiff continues to suffer monetary damages as a result of defendants' unlawful and improper conduct including, but not limited to, making payments to defendants and or incurring other costs related to the defense of defendants' improper efforts to collect relinquished debts from Plaintiff and the class.

8. Plaintiff will need to propound discovery on Defendants to obtain further information to determine the securitization parties involved in the instant transaction.   These parties will be added as DOES 1 to 100 when determined.

9. Venue is appropriate in this federal district, pursuant to 28 U.S.C. section 1391, because events and omissions giving rise to Plaintiff claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

## . THE 152 Callender St., Dorchester, Ma. 02124 COLLECTION MATTER ALLEGATIONS

10. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

11. The original lender of the promissory note and beneficiary of the Mortgage is Mass Housing and the original loan was an FHA loan. There was an

Assignment of Real Estate Mortgage on Dec. 20, 1990 from Shawmut Mortgage Company to Mass. Housing Finance Agency for $74,575. There is an issue as to whether this assignment is void as there were no witnesses to the signature. The loan balance at time of Sonya Swift Leak's mother's death was $35,000 and payments were around $307 per month..Plaintiff who suffers from depression became disable and is a black female was unable to work and was repeatedly denied help or a modification to save her home.  Plaintiff alleges her Civil Rights have been denied. Plaintiff had a hearing for an eviction and while at the courthouse Defendant Reem wrongfully evicted Plaintiff and used trickery to lure her off the property. In addition, during the eviction no notice was given to the occupants of the property and Sonya's pregnant daughter was thrown out into the street without proper notice.

## . FIRST CLAIM FOR RELIEF

## INTENTIONAL DEPRIVATION OF CIVIL RIGHTS UNDER 42

### U.S.C. §1983 ( Against all Defendant )

27. Plaintiff realleges preceding paragraphs, as well as any subsequent  paragraphs contained in the complaint, as if fully set forth herein.

28. Within the applicable statute  of limitations period, and or extended by one or more applicable equitable tolling doctrines, Defendants, individually and as a group, intentionally deprived Plaintiff of her constitutional rights under the color of state law by among other things:

Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, by pursuing a sham Criminal complaint case after sham notices of violations against Plaintiff.

29. The actions of each Defendant were done with deliberate indifference to, or with reckless disregard for Plaintiff's rights, or for the truth.

30 The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the Mass. Constitution in connection with a public issue.

31. The constitutional source of the rights claimed to be violated herein are primarily the just compensation clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment. Plaintiff's property and due process rights were violated by the conduct alledged herein. Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent any Court were to conclude that the source Plaintiff's rights arise under any constitutional source other than the Fifth and Fourteenth Amendments, this claim is brough on those bases well.

32. Additionally, Defendants acted under color of law to also violate Plaintiff's unalienable/inalienable right to free expression, protected by the 1st and 14th Amendments to the Constitution for the United States of America and Article 1 of the Constitution for the Massahousetts.

33. Additionally, Defendants acted under color of law to also violate Plaintiff's unalienable/inalienable right to use of property without unreasonable interference, protected by the 4th and 14th Amendments to the Constitution of the United States of America Aritcle 1 of the Constitution for the Massachousetts

34. Defendants were each jointly and severally responsible to ensure Plaintiff was not deprived of their constitutional rights related to herein complained of conduct. Each engaged in, knew or should have known of the unconstitutional conduct alledged herein and failed to prevent it, which each had responsibility to do, and each ratified, approved it , which each had a responsibility to do, and each ratified, approved or acquiesced in it.

35. As a direct and proximate result of each Defendant's violations, Plaintiff sustained damages in an amount to be proven at trial.

36.WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## SECOND CLAIM FOR RELIEF

### NEGLIGENT DEPRIVATION OF CIVIL RIGHTS

### UNDER 42 U.S.C. §1983

#### (Against All Defendants)

37. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

38. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, by pursuing a sham Criminal complaint case after sham notices of violations against Plaintiff.

39. The actions of each Defendant were done with deliberate indifference to, or with reckless disregard for Plaintiff's rights, or for the truth.

40. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue

. The constitutional source of the rights claimed to be violated herein are primarily the just compensation clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment. Plaintiff's property and due process rights were violated by the conduct alledged herein.   Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent any Court were to conclude the source Plaintiff's rights arise under any constitutional source other than the Fifth and Fourteenth Amendments, this claim is brough on those bases well.

41. Additionally, Defendants acted under color of law to also violate Plaintiff's unalienable/inalienable right to free expression, protected by the 1st and 14th Amendments to the Constitution for the United States of America and Article 1 of the Constitution for the Massachousetts.42. a, Defendants acted under color of law to also violate Plaintiff;s unalienable/inalienable right to use of property without unreasonable interference, protected by the 4th and 14th Amendments to the Constitution of the United States of America Article 1 of the Constitution for the Massachousetts

43. Defendants were each jointly and severally responsible to ensure Plaintiff was not deprived of their constitutional rights related to herein complained of conduct.  Each engaged in, knew or should have known of the unconstitutional conduct alledged herein and failed to prevent it, which each had  responsibility to do, and each ratified, approved it , which each had a responsibility to do, and each ratified, approved or acquiesced in it.

44. As a direct and proximate result of each Defendant's violations, Plaintiff sustained damages in an amount to be proven at trial.

45..WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## THIRD CLAIM FOR RELIEF

## JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS

## UNDER 42 U.S.C. §1983

### (Against All Defendants)

46.. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

47. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, as more fully described in the First and Second Claims for Relief, above. Each act of deprivation of Plaintiff;s rights, as more specifically explained the First and Second Claims for Relief, as well as other actions related to them, constitute an overt act in furtherance of said conspiracy..

48. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

49. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the Mass. Constitution in connection with a public issue

50. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

51. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## FOURTH CLAIM FOR RELIEF

## JOINT ACTION/CONSPIRACY TO VIOLATE RIGHTS

## UNDER 18 U.S.C. § 241,242

### (Against all Defendants)

52. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

53. Plaintiff allege that Defendants violated multiple federal Criminal Codes while violating Plaintiff's rights, including, but not limited to 18 U.S.C. 1005, 18 U.S.C. 241, 18 USC 242.

54. Within the applicable statute of limitations period, as extended by any applicable equitable tolling doctrines, Defendants, and each of the, acted in concert and otherwise conspired and agreed to deprive Plaintiff of their rights, priviledges, or immunities secured b the Constitution and laws of the United States as more fully described in the First and Second Claims for Relief, above. Each act of deprivation of Plaintiff's rights, as more specifically explained the First and Second Claims for Relief, as well, as other actions related to them, constitute an overt act in furtherance of said conspiracy.

55. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

56 The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and / or Federal Law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.

57. 18 U.S.C. Code section 241 states:

  If two or more persons conspire, injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both;

And if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

83.18 U.S. Code section 242 states:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual

abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or many be sentenced to death.

58. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

WHEREFORE,  Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## FIFTH CLAIM

### UNJUST ENRICHMENT

12. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

13. Mass.Housing. servicer and trustee and successor to FHA.  accepted, appreciated and has retained such benefits. Under such circumstances described above, it would be inequitable for Defendants  to retain such benefits without payment of value. The conduct of Defendants  was done willfully and in reckless disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.  At time of foreclosure sale Plaintiff's only owed $35,000 on a property valued well over $100,000 and thus were unjustly enriched and own Plaintiff the difference in the fair market value and the amount owed at the time of foreclosure.

14. WHEREFORE, Plaintiff,  Sonya Swift Leak demands compensatory and punitive damages against the Mass. Housing. , et al , and the other

defendants, both jointly and severally, in an amount in excess of
$150,000.00, plus court costs, counsel fees, and such other relief as this.

## . COUNT SIX - VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA), 73 P.S. SECTIONS 2270.1 - 2210.6  All Defendants

15. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. The alleged Home Loan account obligation was a debt within the meaning of the FCEUA, 73 P.S. section 2270.3 Because he was allegedly obligated to pay the Home Loan account debt, Plaintiff is a "consumer" within the meaning of the FCEUA 73 P.S. section 2270.3 Because the Home Loan account debt was alleged to be owed to it, Defendant  is a "creditor" within the meaning of the FCEUA 73 P.S. section 2270.3.

17. Defendants violated the FCEUA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt. FCEUA 73 P.S. section 2270.3

18. Defendants violated the FCEUA by falsely representing the character, amount, and/or legal status of a debt. 73 P.S. section 2270.4(b)(5)(ii). Defendants violated the FCEUA by attempting to collect an amount (including interest, fees, and charges) not expressly authorized by any agreement creating the debt or permitted by law. 73 P.S. section 2270.4(b)(6)(I).

19. Pursuant to FCEUA, 73 P.S. section 2270.5(a), if a creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall

constitute a violation.

20. WHEREFORE, Plaintiff respectfully request that the Court enter judgment in their favor and against all defendants for:

(a)   Actual damages, including but not limited to costs and attorney's fees to defend the collection matter;

(b)   Treble damages;

(e)   Costs and reasonable attorney fees; and

(d)   Such other and further relief as may be just and proper.

## COUNT SEVEN - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. SECTIONS 1692 -1692p, AGAINST ALL DEFENDANTS

21. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

22. Each Mass. Housing, N.A., as trustee for 2005- AHL2 Trust    account obligation was a "debt" within the meaning of FDCPA, 15 U.S.C. section 1692a(5). Because they were allegedly obligated to pay the Mass. Housing, N.A., et al account obligation, Plaintiff was a "consumer" within the meaning of FDCPA, 15 U.S.C. section 1692a(3). The ss. Housing  bought or was assigned to MASS. HOUSING, . debt. Since MASS. HOUSING, . no longer owned the securitized debt it had previously written off, there was nothing for MASS. HOUSING, . to sell or to be assigned.

23. Each of said defendants, at times relevant hereto, was a person who used

an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Based on said activity or activities, each of said Defendants was a debt collector within the meaning of FDCPA, 15 U.S.C. section 1692.

24. Mass. Housing, N.A., et al and the FHA, as the purported assignee of MASS. HOUSING, ., violated FDCPA by using false, deceptive, and/or misleading representations and/or means in connection with the collection of the MASS. HOUSING, . account obligation, 5 U.S.C. section 1692(e).

25. Said defendants violated FDCPA by falsely representing the character, amount, and/or legal status of the MASS. HOUSING, . account obligation. 15 U.S.C. section 16923(2)(A),

26. Said defendants violated FDCPA by using a false representation or deceptive means to attempt to collect the MASS. HOUSING, . account obligation. 15 U.S.C. section 1692e(i0).

27. Said defendants violated FDCPA by attempting to collect an amount (including interest, fees and charges) not expressly authorized by any agreement creating the MASS. HOUSING, . account obligation or permitted by law, 15 U.S.C. section 192f(1).

28. WHEREFORE, Plaintiff requests that the Court enter judgment in their favor and against said defendants, pursuant to FDCPA, 15 U.S.C. section 1602k(a), as follows:

a. Actual damages, including, but not limited to, costs and attorney's fees to defend the collection matter.

b. From each said defendant, statutory damages of $1,000.00 for each named Plaintiff and, an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of such defendant; and

c. Costs of this action and reasonable attorney fees.

## COUNT EIGHT
### REASONABLE RELIANACE ; DETRIMENTAL RELIANCE

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose non- judicially, by the above specified Defendants, and each of them, no longer applies. Plaintiff wrongfully foreclosed and evicted in Dorchester County, Massachousetts

30. Plaintiff requests that this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this deed involved numerous fraudulent, false, deceptive and leading practices, including, but not limited to,

violations of State laws designed to protect borrowers, which have directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Plaintiff further requests that title to the Real Property remain in Plaintiff's possession during the pendency of this litigation, and deem that any attempted sale of the Real Property is "unlawful and void". Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law. Therefore, Defendant Mass. Housing, N.A., et al.   cannot establish that it is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, Mass. Housing, N.A., et al.   cannot transfer an interest in Real Property, and cannot recover anything from Plaintiff with unclean hands.

31. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiff's Real Property under the Mortgage/Deed of Trust on the Real Property via an *in Rem* action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiff's great and irreparable injury in that Real Property is unique. Plaintiff from the inception of this loan was a victim of predatory lending and the Wachovia loan was a loan in which Plaintiff would never be able to repay. Plaintiff detrimentally relied and had reasonable reliance on the servicer to grant them a modification and made numerous attempts on to be turned down time and time again for unreasonable reasons. Plaintiff sites the following case law :

32. 1908.Reasonable Reliance In determining whether Joe Depalo's reliance on the [misrepresentation/concealment/false promise] was reasonable,  the Plaintiff must first prove that the matter was material. A matter is material if a  reasonable person would find it important in determining his or her choice of action.  If you decide that the matter is material, you must then decide whether  it was reasonable for Joe Depalo  to rely on the  misrepresentation/concealment/false promise]. In making this decision,

take into consideration [name of plaintiff]'s intelligedge, education, and experience. However, it is not reasonable for anyone to rely on a [misrepresentation/ concealment/false promise] that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation/concealment/false promise] if facts that are within [his/her] observation show that it is obviously false. New September 2003; Revised October 2004, December 2013

33. There would appear to be three considerations in determining reasonable reliance.

34. First, the representation or promise must be material, as judged by a reasonable Person standard. (Charpentier v. Los Angeles Rams (1999) 75 Cal.App.4th 301, 312–313 [89 Cal.Rptr.2d 115].) Second, if the matter is material, reasonableness must take into account the plaintiff's own knowledge, education, and experience; the objective reasonable person is irrelevant at this step. Third, some matters are simply too preposterous to be believed by anyone, notwithstanding limited knowledge, education, and experience. (Blankenheim v. E. F. Hutton, Co., Inc. (1990) 217 Cal.App.3d 1463, 1474 [266 Cal.Rptr. 593].) See also CACI No. 1907, Reliance.

35. Sources and Authority • "After establishing actual reliance, the plaintiff must show that the reliance was reasonable by showing that (1) the matter was material in the sense that a

36. reasonable person would find it important in determining how he or she would act, and (2) it was reasonable for the plaintiff to have relied on the misrepresentation." (Hoffman v. 162 North Wolfe LLC (2014) 228 Cal.App.4th 1178, 1194 [175 Cal.Rptr.3d 820], internal citations omitted.) • "According to the Restatement of Torts, '[r]eliance upon a fraudulent misrepresentation is not justifiable unless the matter misrepresented is material. . . . The matter is material if . . . a reasonable [person] would attach importance to its existence or nonexistence in determining his choice of action 1099 0023 in the transaction in question . . . .' But materiality is a jury question, and a 'court may [only] withdraw the case from the jury if the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.' " (Charpentier, supra, 75 Cal.App.4th at pp. 312–313, internal citations omitted.) • "[T]he issue is whether the person who claims reliance was justified in believing the representation in the light of his own knowledge and experience." (Gray v. Don Miller & Associates, Inc. (1984) 35 Cal.3d 498, 503 [198 Cal.Rptr. 551, 674 P.2d 253], internal citations omitted.) • "[N]or is a plaintiff held to the standard of precaution or of minimum knowledge of a hypothetical, reasonable man. Exceptionally gullible or ignorant people have been permitted to recover from defendants who took advantage of them in circumstances where persons of normal intelligence would not have been misled. 'No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool.' " (Blankenheim, supra, 217 Cal.App.3d at p. 1474, internal citations omitted.) • "[G]enerally speaking, ' "[a] plaintiff will be denied recovery only if his conduct is manifestly unreasonable in the light of his own intelligence or information. It must appear that he put faith in representations that were 'preposterous' or 'shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth.' [Citation.] Even in case of a mere negligent

misrepresentation, a plaintiff is not barred unless his conduct, in the light of his own information and intelligence, is preposterous and irrational. . . . The effectiveness of disclaimers is assessed in light of these principles. [Citation.]" ' " (Public Employees' Retirement System v. Moody's Investors Service, Inc. (2014) 226 Cal.App.4th 643, 673 [172 Cal.Rptr.3d 238].) • "[I]f the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, however, he will be denied a recovery." (Thrifty Payless, Inc. v. The Americana at Brand, LLC (2013) 218 Cal.App.4th 1230, 1239 [160 Cal.Rptr.3d 718].) • "Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." (Beckwith v. Dahl (2012) 205 Cal.App.4th 1039, 1067 [141 Cal.Rptr.3d 142].) • " 'What would constitute fraud in a given instance might not be fraudulent when exercised toward another person. The test of the representation is its actual effect on the particular mind . . . .' " (Blankenheim, supra, 217 Cal.App.3d at p. 1475, internal citation omitted.)

37. RAUD OR DECEIT CACI No. 1908
38. 1101
39. 0025

40. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of its Home which is facing foreclosure and is now seeking damages.

41. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

## COUNT EIGHT - QUIET TITLE

42. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. All Defendants named herein claim an interest and estate in the property adverse to

Plaintiffs in that Defendant asserts it is the owner of the note secured by the Deed of Trust to the property the subject of this suit.

44. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

45. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property.

46. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Real Property.

47. Plaintiffs therefore allege upon information and belief, that none of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property.

48. Plaintiffs request the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property; and due to the damages in this case exceeding the amount owed seek to have their title and ownership of the subject property at 152 Callender St., Unit 1, Dorchester, Mass. Restored to them as settlement of this case.

49. Plaintiffs request the court award Plaintiffs' costs of this action, and such

other relief as the court may deem proper.

## COUNT NINE - SLANDER OF TITLE

50. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.

    a. There was a communication to a third party of;

    b. A false statement;

    c. Derogatory to another's title;

    d. With malice; and

    e. Causing special damages

52. There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties in the section1031 – Exchange in performance of the securities of MASS. HOUSING, N.A.. (*See* Asset Securitization Comptroller's Handbook Nov. 1997 http://www.occ.gov/publications/publications-by-type/comptrollers-handbook/ assetsec.pdf)

53. Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Accommodated Tangible Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

54. Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

55. The act of recording the purported MASS. HOUSING, N.A. Deed of Trust into the Official Records of the Dorchester County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiffs' title made with malice causing special damages to the Plaintiffs' claim of title.

## COUNT TEN – UNCONSIONABLE CONTRACT
### (Against Defendants Mass. Housing, N.A. ., et al DOES 1 - 100)

56. Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. The actions of Defendants as set forth herein, resulted in Plaintiffs being forced, tricked, and mislead into parting with their property.

58. Generally, one must prove the following to bring a legally sufficient claim of Unconscionable Contract.

a.     Undue Influence;

b.     Duress;

c.     Unequal Bargaining Power;

d.     Unfair Surprise; and

e.     Limited Warranty

59. Defendant MASS. HOUSING, N.A.n, N.A. presented in the origination of the purported loan that specific criteria such as FICO score and other

industry standard underwriting requirements must be met to qualify for a loan of money for the subject property from MASS. HOUSING, N.A.n, N.A..

60. Defendant Mass. Housing, N.A. presented in the origination of the purported loan that a preliminary signature on the Mortgage loan contract was required to "lock in" an interest rate regarding the terms of the purported loan.

61. Defendant Mass. Housing, N.A. . failed to clarify in the terms of the Mortgage loan contract that Wachovia Bank, the Originator on the contract, was in fact acting solely in the capacity as Accommodated Party account debtor beneficiary for a purported loan of money. MASS. HOUSING, N.A. concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit.

62. Defendants knew or should have known that through a consciousness of innocence Plaintiffs were at a special disadvantage when attempting to grant an alternate means of collection via the Security Instrument real property lien Mortgage to 653 NH Route 120 , Massachousetts 03745.

63. Defendants intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs' superior rights to the subject property.

## COUNT TWELVE
## – INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff incorporates by reference the foregoing paragraphs as though fully

set forth herein.

65. Over the last several years of litigation against Mass. Housing, N.A., et al Plaintiff has had to seek medical care for depression due to the pressure this unlawful at foreclosure has caused her.

66. This collection scheme caused the Plaintiff emotional distress. The conduct of Mass. Housing, N.A., et al was done negligently or intentionally and in disregard for the rights of Plaintiff thereby making the award of punitive damages just and appropriate.

67. WHEREFORE, Plaintiff demands compensatory and punitive damages against the MASS. HOUSING, N.A., et al, and the other defendants, both jointly and severally, in an amount in excess of $150,000.00, plus court costs, counsel fees and such other relief as this Honorable Court deems appropriate.

## DECLARATORY RELIEF

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding his respective rights and duties in the subject note(s) and security instrument. Plaintiff requests a judicial determination of the rights, obligations and interest of the parties with regard to the subject property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the subject property.

101. Plaintiff should be the equitable owner of the Subject Property.

102. Plaintiff seeks to quiet title as of the date of the filing of this Complaint.

103.    Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff's rights.

## AGAINST ALL DEFENDANTS

104.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein,

105.    An actual case and substantial controversy exists between Plaintiff and the defendants with respect to their unfair or deceptive acts or practices and misleading misrepresentatives and non-disclosure of material facts relating to their debt collection practices.

106.    Defendants' conduct directly and proximately caused Plaintiff significant damages. Defendants contend to the contrary. Therefore, the parties herein have adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory relief. Plaintiff, on behalf of himself and all others similarly situated, is entitled to adjudication declaring defendants' practice of perpetrating unfair or deceptive acts and misleading misrepresentations and non-disclosure of material facts

107, .Defendants continue their deceptive and misleading debt collection practices, and, therefore, defendants should be prohibited and enjoined from engaging in these practices in the future.

108.    WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against all defendants for four million dollars  as follows:

(a)    A declaration that Mass. Housing, N.A., or any purported assignee of the note other than the RESIDENTIAL SECURITIES HOME EQUITY MORTGAGE 2005-AHL2 TRUST, is not the proper Plaintiff to sue to collect receivables that it has securitized, and by doing so, it and its counsel, the legal defendants, violates Fair Debt Collection Practices Act (FDCPA)

(b)    An Order enjoining MASS. HOUSING, N.A. ,N.A. .,et al during the pendency of this action and permanently thereafter, from suing any class members to collect receivables that Mass. Housing, N.A. , et al  has securitized, prosecuting or maintaining such a collection proceeding, and/or otherwise representing to a current or former consumer account holder that it remained the creditor.

## XX. JURY DEMAND

109.    Plaintiff hereby demands a jury trial on the claims raised by Plaintiff herein.

## XXI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Sonya Swift Leak, respectfully requests this Court, after jury trial on the merits, award damages as requested above, and for such other relief as Plaintiff may show himself entitled.

Respectfully submitted,

Sonya Swift Leak
Plaintiff, *pro se*